**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4561**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

CHARLIE B. TAYLOR,

              Defendant - Appellant.

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  John Preston Bailey,
Chief District Judge.  (3:07-cr-00105-JPB-DJJ-1)

Submitted:  March 6, 2009              Decided:  April 30, 2009

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lary D. Garrett, GARRETT & GARRETT, Moorefield, West Virginia,
for Appellant.  Sharon L. Potter, United States Attorney, Paul
T. Camilletti, Assistant United States Attorney, Martinsburg,
West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charlie B. Taylor was convicted after a jury trial of assault with a dangerous weapon with intent to do bodily harm, without just cause or excuse, in violation of 18 U.S.C. §§ 7, 113(a)(3) (2006). The district court sentenced Taylor to thirty-three months of imprisonment. Taylor appeals, contending that: (1) the district court erred in refusing to grant his motion for a judgment of acquittal pursuant to Fed. R. Crim. P. 29; (2) the district court erred in refusing to grant a new trial by allowing the Government to strike an African-American juror and in ruling that the Government could cross-examine his witnesses using his criminal record when the Government had not disclosed his criminal record until the day before trial; and (3) the district court erred by refusing to grant downward departures under U.S. Sentencing Guidelines Manual §§ 5K2.10, 5K2.13, 5K2.20 (2007). Finding no error, we affirm.

Taylor first challenges the sufficiency of the evidence to convict him. This court reviews a district court's decision to deny a Rule 29 motion for a judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216-17 (4th Cir. 2006) (providing standard). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in

2

the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216 (citations omitted). Furthermore, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks and citation omitted).

Taylor's conviction stemmed from an incident that occurred between him and another resident of the Veterans Administration Medical Facility ("VA") in Berkeley County, West Virginia. Taylor and the victim exchanged words after the victim's wheelchair bumped into Taylor's walker in the elevator. Upon exiting the elevator, the victim remained in front of the doors preventing Taylor from exiting. Conflicting evidence was presented at trial regarding who struck the first blow. An employee of the VA called a security officer to the scene, who arrived and told the men to break it up. The victim backed off upon seeing the officer. Taylor, however, had pulled out a pocket knife and struck the victim as the officer arrived, causing three lacerations across the victim's chest, neck, and face.

3

At trial, Taylor's counsel argued to the jury that Taylor acted in self-defense, and the district court instructed the jury on the elements of self-defense. On appeal, Taylor contends that the evidence clearly demonstrated that he was exercising his right to defend himself. We have reviewed the record and find that there was substantial evidence to support the jury's verdict. See Beidler, 110 F.3d at 1067 ("[T]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflict in the evidence presented.") (internal quotation marks and citation omitted).

Taylor next contends that the district court erred in denying his motion for a new trial filed pursuant to Fed. R. Crim. P. 33. We review a district court's denial of a Rule 33 motion for a new trial for abuse of discretion. Smith, 451 F.3d at 216-17. With regard to Taylor's Batson[*] claim, this court reviews a finding by a district court "concerning whether a peremptory challenge was exercised for a racially discriminatory reason . . . [with] great deference," considering only whether the district court committed clear error. United States v. Farrior, 535 F.3d 210, 220 (4th Cir. 2008) (citations omitted), cert. denied, 129 S. Ct. 743 (2008).

---

[*] Batson v. Kentucky, 476 U.S. 79 (1986).

When a defendant has made a Batson challenge, he must come forward with prima facie evidence of purposeful discrimination. Id. "[T]he burden [then] shifts to the Government to articulate a race-neutral explanation for the challenge." Id. at 221. If the Government provides such an explanation, "the burden shifts back to the defendant to prove that the explanation given is a pretext for discrimination." Id.

In this case, the prosecution offered three race-neutral reasons for striking the juror: she previously had served on a criminal jury that reached a verdict of not guilty, she had a sibling who had been convicted of a drug crime in that same court, and she had testified on a prior occasion in a murder trial. Because Taylor has not demonstrated that these reasons were merely a pretext for purposeful discrimination, we find no error in the district court's denial of his Batson challenge.

Taylor also asserts that the district court erred in denying his Rule 33 motion by permitting the Government to introduce his extensive criminal record when the Government did not comply with the court's discovery order. The Government did not receive Taylor's forty-page criminal record until the day before trial, at which time it disclosed the same to the defense. The district court ruled that the Government could use

5

the criminal record to impeach any character witnesses Taylor might call on his behalf.

This court "review[s] a district court's decision to sanction a party for discovery violations for an abuse of discretion." United States v. Hastings, 126 F.3d 310, 316 (4th Cir. 1997) (citation omitted).

> In determining a suitable and effective sanction, a court must weigh the reasons for the [G]overnment's delay and whether it acted intentionally or in bad faith; the degree of prejudice, if any, suffered by the defendant; and whether any less severe sanction will remedy the prejudice and the wrongdoing of the [G]overnment.

Id. at 317. Our review of the record convinces us that the district court did not abuse its discretion in denying Taylor's Rule 33 motion on this ground.

Finally, Taylor contends that the district court should have departed pursuant to several policy statements in the Guidelines. Appellate courts review a sentence imposed by a district court for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). If there are no procedural errors in the sentence, the appellate court then considers the substantive reasonableness of the sentence. Gall, 128 S. Ct. at 597. "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from

6

the Guidelines range.'" Pauley, 511 F.3d at 473 (quoting Gall, 128 S. Ct. at 597). If a sentence is within the Guidelines range, an appellate court may presume that the sentence is reasonable. Pauley, 511 F.3d at 473.

Specifically, Taylor contends that the district court should have sentenced him below the Guidelines range because the victim's conduct significantly contributed to provoking his behavior, he suffers from a reduced mental capacity due to his age, and the crime was not planned, and not long in duration, and represents a departure from his normal behavior. In addition, Taylor contends that the district court should have varied from the Guidelines range based on his age and physical condition.

We find no procedural error in the sentence. Moreover, the sentence was within the Guidelines range; thus, this court applies a presumption of reasonableness. Taylor has failed to present evidence to rebut this presumption. We therefore find the district court did not abuse its discretion in imposing Taylor's sentence.

Accordingly, we affirm Taylor's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED